UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GAVIN B. DAVIS,<br><br>Plaintiff,<br><br>v.<br><br>JASON M. ADLER, an individual, CAMERON FIFE, an individual, U.S. NAVY COMMANDER, SEAL TEAM 10, an individual, SAMI RASHID, an individual, JONATHAN NEWTON, an individual, TIMOTHY P. O'HARA, an individual, CORNELL UNIVERSITY, JOHN DOE AFFILIATES OF ADLER, as individuals or entities, and JOHN DOE MEMBERS OF THE FORMER CHI CHAPTER OF PSI UPSILON, CORNELL UNIVERSITY, as individuals,<br><br>Defendants. | Case No.: 19-cv-834-AJB-JLB<br><br>**ORDER:**<br><br>**(1) GRANTING DEFENDANT JASON ADLER'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT; AND**<br><br>**(2) GRANTING DEFENDANTS SAMI RASHID, JONATHAN NEWTON, AND TIMOTHY P. O'HARA'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>(Doc. Nos. 4, 6) |

Currently pending before the Court are Defendant Jason Adler's motion to dismiss Plaintiff Gavin Davis's ("Plaintiff") complaint, (Doc. No. 6), and Defendants Sami Rashid, Jonathan Newton, and Timothy P. O'Hara's motion to dismiss Plaintiff's complaint, (Doc. No. 4). Plaintiff opposes the motion. (Doc. No. 43.) For the reasons explained more fully below, the Court **GRANTS** Defendant Adler's motion to dismiss and **GRANTS**

1

Defendants Rashid, Newton and O'Hara's motion to dismiss.

**BACKGROUND**

A. *Davis I*

On February 27, 2017, Plaintiff, proceeding *pro se*, filed his initial complaint against Defendants Jason M. Adler, Odessa R. Jorgensen, and Jane Does (Case No. 3:17-cv-00387-AJB-JLB) (hereinafter referred to as "*Davis I*"). On March 21, 2017, Defendant Adler filed a motion to dismiss, which the Court granted on April 26, 2017. (*Davis I*, Doc. No. 3) The Court stated that "[f]rom a practical viewpoint . . . it is impossible for the Court to designate the cause or causes of action attempted to be alleged, or the events leading up to Plaintiff instituting this action." (*Id*. at 4.) Moreover, the Court found dismissal based on a failure to adhere to Federal Rule of Civil Procedure 8 proper.[1] (*Id*.) Furthermore, the Court cautioned Plaintiff against grouping all of the Defendants together without distinguishing between the alleged conduct of each individual Defendant. (*Id*.) Based upon the foregoing, the Court dismissed Plaintiff's complaint with leave to amend. (*Id*. at 5–6.)

The day after his complaint was dismissed, Plaintiff filed his first amended complaint ("FAC"). (*Davis I*, Doc. No. 16.) On June 2, 2017, the Court again dismissed Plaintiff's operative complaint finding that it suffered from many of the same defects as his previously-filed complaint. (*Davis I*, Doc. No. 20.) Specifically, the Court found that Plaintiff had again failed to comply with Rule 8 and found the FAC replete with fragmented discussions that failed to plead sufficient facts to state a claim on which relief could be granted. (*Id*. at 4.) Consequently, despite construing Plaintiff's pleading liberally, the Court again found dismissal appropriate. (*Id*. at 5.) However, noting Plaintiff's *pro se* status, the Court again granted Plaintiff leave to amend. (*Id*. at 6.)

Plaintiff then filed a motion for relief from judgment on June 28, 2017. (*Davis I* ,

---

[1] Federal Rule of Civil Procedure 8 states that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2).

Doc. No. 32.) Plaintiff then filed his second amended complaint ("SAC"), and a reply to support his motion for relief. (*Davis I*, Doc. Nos. 38, 40.) Based on the filing of his SAC, the Court found Plaintiff's motion for relief from judgment moot. (*Davis I*, Doc. No. 39.) Defendant Adler then filed his motion to dismiss the SAC on July 26, 2017. (*Davis I*, Doc. No. 41.) The Court granted Defendant Adler's motion to dismiss the SAC without leave to amend. (*Davis I*, Doc. No. 46.) The Court explained that Defendant Adler again failed to adhere to Rule 8 and failed to state a claim. (*See generally id.*)

Plaintiff then filed a notice to appeal the Court's Order denying his motion for relief from judgment, the Order dismissing his SAC without leave to amend, and the Clerk of Court's entry of judgment. (*Davis I*, Doc No. 55.) The Ninth Circuit subsequently dismissed the appeal for failure to prosecute on April 3, 2018. *See Davis v. Adler*, No. 18-56168, 2019 WL 1777446, at *1 (9th Cir. Apr. 23, 2019).

B.   The Instant Action

On May 6, 2019, Plaintiff initiated this new action. (Doc. No. 1.) The Complaint renames Jason Adler as a defendant and identifies five new defendants: Cameron Fife, Sami Rashid, Timothy P. O'Hara, Jonathan Newton, and Cornell University. The Complaint asserts five causes of action: (1) intrusion of seclusion, (2) misappropriation, (3) public disclosure of private facts, (4) false lights, and (5) conspiracy. (*See generally* Doc. No. 1.) The Complaint alleges that Defendants "have intentions of commercialization of the Plaintiff, a non-public figure, or his likeness, in violation of each of the laws of privacy…" (Doc. No. 1 ¶ 1(b).) Further, Plaintiff alleges that Defendants have intentionally intruded into his private life and affairs, have misappropriated his life, have no rights to commercialize him or his likeness, have attempted to case Plaintiff in a false light in their commercialization efforts, and that Defendants are involved in a civil conspiracy regarding these privacy violations and intentions to commercialize Plaintiff or his likeness. (*Id.* ¶¶ 2–6.) He alleges that Defendants are members of Psi Upsilon and attended Cornell University. (*Id.* ¶¶ 11–13.)

/ / /

# LEGAL STANDARD

## A. Federal Rule of Civil Procedure 8

Complaints must comply with Federal Rule of Civil Procedure 8, which requires that pleadings include a "short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and that "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). A district court may dismiss a complaint for failure to comply with Rule 8. *See Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 415 (9th Cir. 1985) (holding that dismissal of plaintiff's complaint was appropriate as it exceeded seventy pages in length, was confusing, conclusory, and not in compliance with Rule 8); *see also McHenry v. Renne*, 84 F.3d 1172, 1177–80 (9th Cir. 1996) (upholding a Rule 8 dismissal of a complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant").

## B. Federal Rule of Civil Procedure 12(b)(1)

A complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(1) if, considering the factual allegations in the light most favorable to the plaintiff, the action: (1) does not arise under the Constitution, laws, or treaties of the United States, or does not fall within one of the other enumerated categories of Article III, Section 2, of the Constitution; (2) is not a case or controversy within the meaning of the Constitution; or (3) is not one described by any jurisdictional statute. *Baker v. Carr*, 369 U.S. 186, 198 (1962). When considering a motion to dismiss pursuant to Rule 12(b)(1), the court is not restricted to the face of the pleadings, but may review any evidence to resolve factual disputes concerning the existence of jurisdiction. *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir.1988), *cert. denied*, 489 U.S. 1052 (1989); *Biotics Research Corp. v. Heckler*, 710 F.2d 1375, 1379 (9th Cir.1983). A federal court is presumed to lack subject matter jurisdiction until the plaintiff establishes otherwise. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994); *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir.1989). Therefore, the plaintiff bears the burden of proving the existence of subject matter jurisdiction. *Stock West*, 873 F.2d at 1225; *Thornhill Publishing Co., Inc. v. Gen'l Tel & Elect. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).

**DISCUSSION**

A.   Amendment of Plaintiff's Pleading from the *Davis I* Action

Defendants contend that Plaintiff's Complaint should be dismissed because it is an unauthorized amendment of his pleading from the *Davis I* action. (Doc. No. 4-1 at 10, Doc. No. 6-1 at 3.) Specifically, Defendants point to paragraph 23 of the Complaint that states:

> Plaintiff has previously brought a case (17-387) against [Defendant Adler] for one or more claims, which was dismissed, pre-trial, for technical inaccuracy. Plaintiff attempted to move within the one (1) year timeframe for relief pursuant to FRCP 59 and to add defendants to the case and claims, which was denied. On April 12, 2019, the Ninth Circuit dismissed an appeal of such narrow matter of law and pursuit.

(Doc. No. 1 ¶ 23.) Plaintiff argues in both his oppositions that his Complaint should not be dismissed on the basis of claim or party preclusion. (Doc. No. 11 at 11–14, Doc. No. 17 at 8–10.) However, Defendants do not argue that the Complaint should be dismissed on the basis of claim or party preclusion. Rather Defendants argue that the core allegations in all three *Davis I* pleadings and those asserted in this instant Complaint are essentially identical. The Court agrees. Plaintiff has attempted to improperly amend his *Davis I* operative complaint by filing this new lawsuit. Plaintiff even admits, as evidenced by the quote above, that the Complaint in the instant action is predicated on the *Davis I* action. The Court specifically granted Defendant Adler's motion to dismiss the SAC without leave to amend in *Davis I*. The Court will not allow Plaintiff to simply try to circumvent the Court's prior ruling that the case was dismissed without leave to amend.

B.   Federal Rule of Civil Procedure 8

Furthermore, Plaintiff has again failed to adhere to Federal Rule of Civil Procedure 8 ("Rule 8"). Plaintiff takes several different stances in opposition including that his complaint includes facts that can be reasonably inferred and that Plaintiff finds his five claims are based in fact. (Doc. No. 11 at 17.) However, Plaintiff's Complaint consists of forty-seven pages of allegations mixed with law. (*See generally* Doc. No. 1.) Rule 8 states that "[a] pleading that states a claim for relief must contain . . . a short and plain statement

of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). As currently pled, Plaintiff's Complaint fails to present a succinct and straightforward statement alleging the wrongdoings of each Defendant. Thus, the Court finds dismissal pursuant to Rule 8 appropriate. *See e.g.*, *McHenry*, 84 F.3d at 1177–80 (upholding a Rule 8(a) dismissal of a complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant"); *Hatch*, 758 F.2d at 415 (upholding a Rule 8(a) dismissal of a complaint that was confusing and conclusory); *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981) (holding that Rule 8(a) is violated when a complaint is excessively "verbose, confusing and almost entirely conclusory"); *Zinzuwadia v. Mortg. Elec. Reg. Sys., Inc.*, No. 2:12-cv-02281-KJM-KJN PS, 2012 WL 6737837, at *7 (E.D. Cal. Dec. 28, 2012) ("Prolix, confusing complaints such as the ones plaintiffs filed in this case impose unfair burdens on litigants and judges.").

The Court notes that even applying the liberal pleading standard under Rule 8, Plaintiff's Complaint is still deficient. The Court highlights that the Rule 8 standard does not require "detailed factual allegations," but "naked assertion[s] devoid" of any factual enhancement do not suffice. *Ashcroft*, 556 U.S. at 678 (citation and internal quotation marks omitted). Presently, at this juncture, Plaintiff's claims are still visibly unsupported by even a minutia of contentions. Moreover, Plaintiff's inability to provide details surrounding his causes of action as a whole fails to demonstrate the proper standing to be in this Court. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 555 (1992) (holding that a plaintiff has standing when he can demonstrate that he has suffered an injury in fact, *i.e.*, "a concrete and particularized, actual or imminent invasion of a legally protected interest").

Furthermore, Plaintiff's Complaint impermissibly groups all of the Defendants together without distinguishing between the alleged conduct of each Defendant. This type of group pleading fails to put the opposing party on notice of the wrong they allegedly committed so that they can adequately defend themselves. Fed. R. Civ. P. 8; *see McHenry*, 84 F.3d at 1180 ("Something labeled a complaint but . . . without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential

functions of a complaint."); *see also Adobe Sys. Inc. v. Blue Source Grp., Inc.*, No. 14-CV-02147-LHK, 2015 WL 5118509, at *10 (N.D. Cal. Aug. 31, 2015) ("As a general rule, when a pleading fails 'to allege what role each Defendant played in the harm,' this 'makes it exceedingly difficult, if not impossible, for individual Defendants to respond to Plaintiffs' allegations.'") (citation omitted).

C. <u>Subject Matter Jurisdiction</u>

Finally, Defendants contend that Plaintiff's Complaint should be dismissed for lack of subject matter jurisdiction. (Doc. No. 4-1 at 13.) Plaintiff relies upon diversity jurisdiction. (Doc. No. 1 ¶ 18.) However, both Defendants Adler and Fife are citizens of California, which is also the state in which Plaintiff resides. Accordingly, complete diversity is lacking in this matter. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("The federal court's basic diversity jurisdiction extends to 'all civil actions where the matter in controversy exceeds … $75,000 … and is between … [c]itizens of different States.'") (quoting 28 U.S.C. § 1332(a)(1)); *Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1095 (9th Cir. 2004) ("Diversity jurisdiction under § 1332 requires complete diversity of citizenship, each of the plaintiffs must be a citizen of a different state than each of the defendants.")(citation omitted).

Plaintiff also alleges that he invokes federal question jurisdiction based on his civil conspiracy claim. (Doc. No. 11 at 18.) In Plaintiff's Complaint, he specifically alleges that "Plaintiff finds that the privacy violations alleged herein, normally State claims, are elements of Conspiracy, a priori, in regard to jurisdiction." (Doc. No. 1 ¶ 19.) A suit may be dismissed "for want of jurisdiction where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such claim is wholly insubstantial and frivolous." *Bell v. Hood*, 327 U.S. 678, 682–83 (1946). Simply because Plaintiff finds that he invokes federal question jurisdiction is insufficient to establish federal question jurisdiction. Furthermore, Plaintiff himself acknowledges that his claims for privacy violations are normally state claims. Accordingly, the Court lacks subject matter jurisdiction.

# CONCLUSION

As set forth more fully above, the Court **GRANTS** Defendants' motions to dismiss and **DISMISSES** Plaintiff's complaint **WITHOUT LEAVE TO AMEND**. *Foman v. Davis*, 371 U.S. 178, 182 (1962) (holding that the grant or denial of a motion to amend is committed to the discretion of the district court); *see also Vaillette v. Fireman's Fund Ins. Co.*, 18 Cal. App. 4th 680, 685 (1993) (holding that leave to amend should not be granted where in all probability, amendment would be futile). The Clerk of Court is directed to **CLOSE** this case.

**IT IS SO ORDERED**.

Dated: January 23, 2020

Hon. Anthony J. Battaglia
United States District Judge